JUDGE HOLWELL



10 CV 9224

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JAMAL PONTON and RODERICK KENDLY,

                                       Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
DENNIS, shield no. 13090, and POLICE OFFICERS
JOHN DOES #1-10 (names and number of whom are
unknown at present, and other unidentified members of the
New York City Police Department),

                                        Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

## PRELIMINARY STATEMENT

      1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs, while lawfully driving were stopped by defendant New York City police officers and arrested without probable cause. Further, defendants maliciously prosecuted plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants unlawfully confined plaintiffs, caused the unjustifiable arrest of plaintiffs, and caused the unlawful prosecution of plaintiffs.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Jamal Ponton is a citizen of the United States and a resident of the Bronx County, State of New York.

6. Plaintiff Roderick Kendly is a citizen of the United States and a resident of the County of New York, State of New York.

7. New York City Police Officer Brian Dennis ("Dennis"), shield number 13090, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

8. On the date of incident, April 23, 2010, Police Officer Dennis was assigned to the 30th Precinct.

9. Police Officer Dennis is being sued in his individual and official capacity.

10. New York City Police Officers John Does #1-10 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

11. Police Officer John Does #1-10 are being sued in their individual capacity and official capacity.

12. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

13. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

14. On April 23, 2010 at approximately 11:45 p.m., plaintiff Jamal Ponton and plaintiff Roderick Kendly, along with a third passenger were lawfully inside a motor vehicle that was driving in the vicinity of 154th Street and 8th Avenue, New York, New York.

15. Earlier in the evening, the passenger in plaintiffs' vehicle was involved in a physical altercation with another individual at a cell phone store located in or about 116th Street between 7th and 8th Avenue, New York, New York.

16. Neither plaintiff Kendly, nor plaintiff Ponton were involved in the physical altercation with the individual in the cell phone store.

17. On April 23, 2010 at approximately 11:45 p.m., defendant Police Officer Brian Dennis along with defendants John Doe Police Officers #1-10 pulled over plaintiffs' vehicle in or about the vicinity of 154th Street and 8th Avenue, New York, New York.

18. The individually named defendant Police Officers then ordered plaintiffs Kendly and Ponton, as well as the third passenger to exit the vehicle.

19. The occupants of the vehicle complied with the orders from the individually named defendant police officers.

20. The individual defendants then searched plaintiff Kendly and plaintiff Ponton without reasonable suspicion or probable cause.

21. The individual defendants also searched plaintiffs' vehicle without reasonable suspicion or probable cause.

22. Thereafter, the individual from the cell phone store that was involved in the physical altercation identified the passenger in plaintiffs' vehicle as the perpetrator.

23. Further, the passenger in the vehicle admitted his involvement in the altercation to the individually named defendant police officers and in fact told the individually named defendant police officers that plaintiff Kendly and plaintiff Ponton had no involvement in said physical altercation.

34. Instead, plaintiffs were forced to appear in Court on approximately two (2) occasions before the Manhattan District Attorney's Office moved to dismiss all charges against plaintiffs on July 21, 2010.

35. The individually named defendant police officers observed the other defendants violate plaintiffs' rights under the Constitution of the United States and did nothing to prevent the violation of their Constitutional Rights.

36. The false arrest, false imprisonment, malicious prosecution, and failure to intervene by the individually named defendant police officers caused plaintiffs to sustain psychological and emotional trauma.

37. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiffs' Fourth Amendment and

## Fourteenth Amendment Rights

38. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. Defendants Police Officers Brian Dennis and John Does #1-10, who were acting in concert and within the scope of their authority, arrested and caused plaintiffs Roderick Kendly and Jamal Ponton to be imprisoned and criminally prosecuted without probable cause in violation of plaintiffs' right to be free of an unreasonable search and seizure under the Fourth

Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### False Arrest and False Imprisonment

40. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of the confinement. In addition, plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

42. Defendants Police Officers Brian Dennis and John Does #1-10 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

43. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

44. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRDD CAUSE OF ACTION

## Malicious Prosecution

45.  The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46.  The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

47.  Defendants commenced and continued a criminal proceeding against plaintiffs.

48.  There was actual malice and an absence of probable cause for the criminal proceeding against plaintiffs for each of the charges for which they were prosecuted.

49.  The prosecution and criminal proceedings terminated favorably to plaintiffs.

50.  Plaintiffs were subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiffs' Fourth Amendment rights.

51.  Defendants Police Officers Brian Dennis and John Does #1-10 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

52.  The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

53. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

54. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in the presence of other officers.

56. Defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

58. Defendants Police Officers Brian Dennis and John Does #1-10 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

59. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

60. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

61. The plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully set forth at length herein.

62. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Police Officers Brian Dennis and John Does #1-10, individuals who were unfit for the performance of police duties on April 23, 2010, at the aforementioned location.

63. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

64. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs Roderick Kendly and Jamal Ponton shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a.    That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.    That the plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York  
        December 6, 2010

By: _____  
DAVID M. HAZAN  
STUART E. JACOBS  
JACOBS & HAZAN, LLP  
Attorneys for Plaintiffs  
22 Cortlandt Street, 16th Floor  
New York, NY 10007  
(212) 419-0363

- 11 -